**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES E. FOWLKES,<br><br>                Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, COMMISSIONER<br>OF SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | NO.  ED CV 05-459-E<br><br>**MEMORANDUM OPINION**<br><br>**AND ORDER OF REMAND** |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on May 31, 2005, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on

October 6, 2005.  Plaintiff filed a motion to remand on November 7, 2005.  Defendant filed a cross-motion for summary judgment on December 7, 2005.  The Court has taken both motions under submission without oral argument.  <u>See</u> L.R. 7-15; "Order," filed June 3, 2005.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISIONS

Plaintiff asserts disability beginning April 4, 1998, based on, <u>inter alia</u>, alleged mental impairments (Administrative Record ("A.R.") 106, 225-26).  In a decision dated July 21, 1999, an Administrative Law Judge ("ALJ") found Plaintiff disabled beginning April 4, 1998, on the basis of physical impairments only (A.R. 166-69).  The notice accompanying the ALJ's decision advised Plaintiff that if Plaintiff sought review, the Appeals Council would "consider all of [the ALJ's] decision, even the parts with which [the claimaint] agree[s]" (A.R. 165).  Plaintiff nevertheless filed a request for review of the ALJ's 1999 decision (A.R. 175).

The Appeals Council granted review, found fault with the ALJ's 1999 decision, and remanded for further administrative proceedings (A.R. 177-80).  Following this remand, the ALJ denied benefits in a decision dated December 5, 2002 (A.R. 14-24).  The ALJ found Plaintiff has had no severe mental impairment lasting in excess of twelve months (A.R. 17-24).  The ALJ made this finding despite a 1999 state agency physician's opinion that Plaintiff's mental impairments then were severe and a 2002 examining psychiatrist's opinion that Plaintiff's mental impairments then markedly limited Plaintiff's ability to complete a normal work day and work week (A.R. 106, 212).

The Appeals Council denied review of the ALJ's 2002 decision (A.R. 7-10).

**SUMMARY OF THE PARTIES' CONTENTIONS**

Plaintiff contends the Appeals Council lacked jurisdiction to remand the ALJ's 1999 decision and the ALJ thus lacked jurisdiction to render the 2002 decision. Assuming jurisdiction, arguendo, Plaintiff contends, inter alia, the ALJ erred in finding Plaintiff's mental impairments not severe.

Defendant contends this Court lacks jurisdiction to consider the validity of the Appeals Council's remand of the ALJ's 1999 decision. Assuming the Court's jurisdiction, arguendo, Defendant contends that Plaintiff's request for review authorized the Appeals Council to review and remand the ALJ's 1999 decision. Defendant denies any error in the ALJ's 2002 decision, arguing that the ALJ properly resolved conflicts in the evidence.

**DISCUSSION**

**I. This Court Has Jurisdiction to Review the ALJ's 2002 Decision, Including the Jurisdictional Basis for That Decision.**

This Court has subject matter jurisdiction over an action against the Commissioner where the action seeks review of a "final decision" of the Commissioner. See 42 U.S.C. § 405(g), (h); Califano v. Sanders, 430 U.S. 99, 108 (1977). The ALJ's 2002 decision is now

3

a final decision of the Commissioner (A.R. 7).  Thus, this Court may review the validity of the ALJ's 2002 decision, including the jurisdictional basis for that decision.  If, for example, the ALJ's 2002 decision were <u>ultra vires</u>, as resting on an illegal predicate or otherwise, this Court would have jurisdiction so to declare.

**II.    The Appeals Council Had Jurisdiction to Review and Remand the ALJ's 1999 Decision.**

The decision of an ALJ is not binding when the claimant requests review by the Appeals Council and the Appeals Council grants review.  <u>See</u> 20 C.F.R. §§ 404.955, 416.1455.  A claimant may seek review whenever "dissatisfied" with an ALJ's decision, regardless of the basis for the expressed dissatisfaction.  <u>See</u> 20 C.F.R. §§ 404.967, 416.1467.

Plaintiff, for whatever reason, expressed dissatisfaction with the ALJ's 1999 decision by filing a request for review.  As the notice accompanying the ALJ's 1999 decision specifically warned Plaintiff, filing a request for review authorizes the Appeals Council to review the entirety of the case, and may result in the remand of issues the ALJ decided in favor of the claimant.  <u>Cf.</u> <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1182 (3rd Cir. 1992), <u>cert. denied</u>, 507 U.S. 924 (1993) (and cases cited therein).  The fact, if it is a fact, that Plaintiff had no astute reason for requesting review did not deprive the Appeals Council of the jurisdiction automatically triggered by Plaintiff's request.

///

**III.  The Administration Erred in Finding Plaintiff's Alleged Mental Impairments Not Severe.**

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found 'not severe' . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities . . .
>
> Great care should be exercised in applying the not severe impairment concept.  If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.
>
> If such a finding [of non-severity] is not clearly established by medical evidence, however, adjudication

---

[1] Social Security Rulings are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

```
          must continue through the sequential evaluation
          process.  SSR 85-28 at 22-23.
```

See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims").

In the present case, the medical evidence does not "clearly establish[ ]" the non-severity of Plaintiff's mental impairments. A state agency physician found those alleged impairments severe in 1999, but predicted recovery prior to the expiration of twelve months (A.R. 106). On the present record, it is less than "clear" that recovery occurred. A consultative psychiatrist opined in 2002 that Plaintiff's alleged mental impairments were not only still severe, but disabling (A.R. 206-15, 246). The fact that the record may contain conflicting evidence, including evidence of alcohol abuse from which one might infer different conclusions, does not "clearly establish[ ]" the non-severity of Plaintiff's alleged mental impairments.

**IV.   Remand is Appropriate.**

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d

1  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
2  1496, 1497 (9th Cir. 1984).

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   December 13, 2005.


                      _____/S/_____
                              CHARLES F. EICK
                       UNITED STATES MAGISTRATE JUDGE

---

[2] The Court need not and does not adjudicate any of the other issues raised by Plaintiff, except insofar as to determine that a reversal with a direction to award benefits would not be appropriate.

7